UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TIMOTHY WRIGHT, ET AL.** | : | **DOCKET NO. 2:23-cv-00888** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH PA, ET AL.** | : | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiffs Timothy Wright and Haley Lemonia, individually and on behalf of her minor child S.L. Doc. 9. The motion is opposed by defendants Highlander Specialty Insurance Company, Road King Transportation, LLC, and Rajdeep Singh. Doc. 11. Plaintiffs' reply has been filed, making this motion ripe for resolution. Doc. 12. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated, **IT IS RECOMMENDED** that the motion be **DENIED.**

**I.**
**BACKGROUND**

Plaintiffs filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, naming as defendants National Union Fire Insurance Company of Pittsburgh, PA, Road King Transportation, LLC, Rajdeep Singh, and Shelter Mutual Insurance Company. Doc. 1, att. 1, p. 63. Plaintiffs allege the vehicle operated by defendant Singh collided with the rear of the vehicle operated by Haley Lemonia causing injuries to plaintiffs. *Id.* at p. 64, ¶ 5. Timothy Wright and S.L. were guest passengers in Haley Lemonia's vehicle. *Id.* at ¶ 4. Plaintiffs allege defendants

Singh and Road King Transportation, LLC, Singh's employer, were insured by defendant National Union. *Id.* at ¶¶ 6, 9. Plaintiffs also claim Shelter Mutual provided underinsured/uninsured motorist coverage in favor of plaintiffs. *Id.* at ¶ 10.

Plaintiffs subsequently amended their state-court petition to add Highlander Specialty Insurance Company as an additional defendant. Doc. 1, att. 1, pp. 73–75. Plaintiffs' amended state-court petition alleges National Union "and/or" Highlander insured Singh and Road King at the time of the accident. *Id.* at ¶ III.9. Plaintiffs later voluntarily dismissed their claims against National Union. Doc. 1, att. 1, pp. 91, 93.

Singh, Road King, and Highlander then removed the instant action to this court. Doc. 1. Shelter Mutual consented to the removal. Doc. 1, att. 2. In the Notice of Removal, defendants claim complete diversity exists because Timothy Wright, Haley Lemonia, and S.L. are all citizens of Louisiana, and defendants are citizens of New Jersey, Missouri, and Texas. Doc. 1, ¶¶ IX–XIV. Defendants further assert the original and amended state-court petitions are silent as to the amount in controversy, but other papers make clear the amount in controversy exceeds $75,000 as to the claims by Timothy Wright and Haley Lemonia individually. *Id.* at ¶¶ XXI, XXIV. With respect to the claims of S.L., defendants claim this court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *Id.* at ¶ XXVIII.

Plaintiffs filed the instant Motion to Remand claiming the amount in controversy requirement is not met as to S.L.'s claims. Doc. 9. Plaintiffs allege S.L. stipulated[1] in response to defendants' requests for admission that S.L.'s claims do not exceed $75,000. Doc. 9, att. 1, p. 3. Plaintiffs thus contend this court does not have jurisdiction over this matter. Doc. 9, ¶ 5. Plaintiffs

---

[1] No such stipulation was attached to the Motion to Remand or otherwise made part of the record.

also posit that supplemental jurisdiction does not apply to this case because 28 U.S.C. § 1367(b) applies. Doc. 9, att. 1, pp. 3–5.

Defendants oppose the motion. Doc. 11.  They state § 1367(b) is not applicable in this case because no defendant has been joined pursuant to the Federal Rules of Civil Procedure post removal. Doc. 11.  On reply, plaintiffs claim defendants have not met their burden, and plaintiffs insist this court must apply § 1367 according to the Eastern District of Louisiana's "correct" reading of the statute. Doc. 12.

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton*, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994)).  Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a).  However, a federal district court must remand the action to state court if it finds it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).  The removing party bears the burden of showing federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

The parties' arguments focus on the issue of supplemental jurisdiction under 28 U.S.C. § 1367 and its applicability in this case.  For § 1367 to apply, this court must have original jurisdiction in this civil action. 28. U.S.C. § 1367(a).  Thus, before addressing the issue of supplemental jurisdiction, the court must first determine whether it has original jurisdiction.

### A.     *Original Jurisdiction*

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C.

§ 1332(a)(1).  The diversity provisions of § 1332 require complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472 (1996). The parties agree there is complete diversity between plaintiffs and defendants, and no evidence to the contrary has been offered.[2]  Thus, based on the information currently before the court, the parties are completely diverse.  The amount in controversy element, however, requires a bit more analysis.

Louisiana law forbids plaintiffs from specifying the monetary value of damages. *See* La. Code Civ. P. art. 893.  However, if a specific amount of damages is necessary to establish, among other things, the federal courts' lack of jurisdiction due to insufficiency of damages, Louisiana law requires the party filing a state-court petition to include a general allegation that the claims exceed or are less than the requisite amount. La. Code Civ. P. art. 893(A)(1).  Neither the original petition nor the amended petition includes such an allegation.

When a lawsuit is removed to federal court on the basis of diversity jurisdiction without a specific allegation of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1407 (5th Cir. 1995) (stating same but prior to change of jurisdictional amount in § 1332).  "'The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount.'" *Labby v. Labby Memorial Enterprises, LLC*, No. 18-cv-1388, 2019 WL 3431644, at *2 (W.D. La. June 10, 2019), report and recommendation adopted, 2019 WL 3432491 (W.D. La. July 29, 2019) (quoting *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134

---

[2] Specifically, the parties agree that Timothy Wright, Haley Lemonia, and S.L. are Louisiana citizens. Doc. 1, att. 1, p. 63; Doc. 1, ¶ IX.  Defendant Singh is allegedly a citizen of New Jersey. Doc. 4.  Defendant Road King Transportation, LLC is also a citizen of New Jersey, the state of which its sole member is a citizen. *Id.*  Defendant Highlander Specialty Insurance Company is incorporated in Texas with its principal place of business also in Texas, which means Highlander is a Texas citizen. *Id.*  Defendant Shelter Mutual Insurance Company is allegedly a corporation with Missouri as its state of incorporation and the location of its principal place of business, meaning Shelter Mutual is a Missouri citizen. Doc. 1, ¶ XII.  Plaintiffs do not dispute these claims of citizenship.

F.3d 1250, 1253 (5th Cir. 1998)). If not, a removing defendant can still meet its burden by submitting summary-judgment type evidence. *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015). "The required 'demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks.'" *Id.* (quoting *Berniard v. Dow Chem. Co.*, 481 F. App'x. 859, 862 (5th Cir. 2010)). If the removing defendant carries its burden, remand may still be warranted if the plaintiff can establish she is legally bound to accept less than the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 n.14 (5th Cir. 1995).

Defendants allege in the Notice of Removal that it is not evident from the face of the petition that the amount in controversy exceeds $75,000. Doc. 1, ¶ XVII. The court disagrees. In *Gebbia*, the Fifth Circuit found it facially apparent from plaintiff's original petition that the claimed damages exceeded $75,000 when plaintiff "alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement." 233 F.3d at 883. Similarly, in the instant matter, plaintiffs' original petition and amended petition both claim damages for past, present, and future (1) physical pain and suffering; (2) mental and emotional pain, anguish, and distress; (3) medical expenses; (4) loss of income and impairment of earning capacity; (5) loss of enjoyment of life; and (6) other damages to be shown at trial, all allegedly suffered by Timothy Wright, Haley Lemonia, and S.L. Doc. 1, att. 1, pp. 66–67, ¶¶ 14–16. Plaintiffs also assert they and S.L. "suffered injuries including, but not limited to," injuries to their lower backs, shoulders (not listed by S.L.), necks (not listed by Timothy Wright), head (only claimed by S.L.), injury to each of their bodies as a whole, and other damages and losses to be shown at trial. Doc. 1, att. 1, pp. 65–66, ¶¶ 11–13. Thus, the court finds it facially apparent that the claimed damages for

Timothy Wright, Haley Lemonia, and S.L. each exceed $75,000. Accordingly, the amount in controversy requirement is satisfied.

Plaintiffs claim the amount in controversy requirement is not met because S.L. stipulated in response to a request for admission that S.L.'s claims do not exceed $75,000. Doc. 9, att. 1, p. 2. Plaintiffs, however, have not presented that stipulation to the court, and no similar document can be found anywhere in the record before the court. The parties all seem to agree the amount in controversy for S.L.'s claims is less than $75,000. This non-binding agreement, which is not supported by evidence on the record that S.L. is legally bound to accept less than the jurisdictional amount, cannot overcome the court's finding that the jurisdictional amount requirement is satisfied on the face of the pleadings. Thus, plaintiffs failed to establish to a legal certainty that S.L.'s damages are less than $75,000. The court, therefore, has diversity jurisdiction over all claims in this case.

### B. Supplemental Jurisdiction

Should the district judge disagree with the conclusion that it is facially apparent that S.L.'s claims exceed the jurisdictional amount, the court finds it appropriate to exercise supplemental jurisdiction over S.L.'s claims.

Again, plaintiffs seek remand, arguing S.L.'s claims do not meet the amount in controversy, such that this court does not have original jurisdiction over those claims, and supplemental jurisdiction is not available for those claims. Doc. 9, ¶¶4–5; doc. 9, att. 1, p. 1. Plaintiffs concede "this Court has original jurisdiction over the claims of Wright and H. Lemonia and that the claim of S. L[.] form the same case or controversy because they arise from the same automobile accident on April 2, 2022." Doc. 9, att. 1 at p. 3. Under 28 U.S.C. § 1367(a), a federal district court "shall have supplemental jurisdiction over all other claims that are so related to claims

in the action within such original jurisdiction that they form part of the same case or controversy."

28 U.S.C. § 1367(a). Moreover, the Supreme Court of the United States has held:

> [W]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549, 125 S. Ct. 2611, 2615 (2005). The record of this matter is clear: all parties are diverse, the claims of Timothy Wright and Haley Lemonia satisfy § 1332's amount-in-controversy requirement, and the claims of all plaintiffs arise out of the same case or controversy. Thus, § 1367(a), as interpreted by the Supreme Court in *Allapattah*, renders the amount in controversy in S.L.'s claims immaterial and authorizes supplemental jurisdiction over those claims.

Plaintiffs contend the analysis does not stop here, though. Plaintiffs argue "§ 1367(b) provides exceptions to the general rule outlined in § 1367(a)." Doc. 9, att. 1 at p. 3. More specifically, plaintiffs' argument is:

> The limitation on this Court's supplemental jurisdiction found in § 1367(b) directly control the claims brought by minor S. L[.] against defendants . . . . One or more of these Defendants must have been made a party to this litigation pursuant to Fed R. Civ. P 19 and/or 20. According to the plain language of 28 U.S.C. § 1367(b) this Court cannot exercise supplemental jurisdiction over the claims of S. L[.]

*Id.* at pp. 3–4.

Section 1367(b) provides:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) *over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure*, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when

> exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

(emphasis added). Plaintiffs' argument hinges on the emphasized language of § 1367(b). In short, plaintiffs posit that because there are multiple defendants in this action, one or more of them were "made parties under Rule . . . 19 [and/or] 20 . . ." and thus, there can be no supplemental jurisdiction under § 1367(a). Plaintiffs misconstrue § 1367(b).

### 1. The "jurisdictional requirements of section 1332"

Plaintiffs focus simply on the language regarding joinder in § 1367(b). If plaintiffs' position were adopted, supplemental jurisdiction could not exist when multiple defendants are present. Section 1367(a), however, specifically recognizes that "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). Moreover, while § 1367(b) does prohibit supplemental jurisdiction over claims against defendants joined under Rule 19 or 20, it does so only "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b).

The Supreme Court's holding in *Allapattah* made clear that supplemental jurisdiction exists as to diversity claims that do not satisfy the amount in controversy, provided complete diversity is maintained between all parties. *Allapattah*, 545 U.S. at 553–54. Specifically, the Court noted it has consistently interpreted § 1332 as requiring complete diversity; thus, the presence in the action of a single plaintiff from the same state as a single defendant deprives the district court of original diversity jurisdiction over the entire action. *Id.* at 553. The Court later held that § 1367 authorized supplemental jurisdiction "over all claims *by diverse parties* arising out of the same Article III case or controversy." *Id.* at 566 (emphasis added). Therefore, the "claims by plaintiffs against persons made parties under Rule . . . 19 [and/or] 20 . . ." that are outside the purview of supplemental

jurisdiction pursuant to § 1367(b) are those that introduce a nondiverse defendant to the proceedings. Here, all plaintiffs are diverse from all defendants, and so § 1367(b) is not triggered.

### 2. *Removal actions and claims "against persons made parties under" Rules 19 or 20*

On the facts of this case, plaintiffs' argument is additionally flawed. The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings *in the United States district courts*, except as stated in Rule 81." Fed. R. Civ. P. 1 (emphasis added). Plaintiffs now ask this court to apply federal procedural rules retroactively to the joinder of defendants that occurred in state court prior to removal. The Fifth Circuit has held that "federal rules do not apply to filings in state court, even if the case is later removed to federal court." *Tompkins v. Cyr,* 202 F.3d 770, 787 (5th Cir. 2000). This is because Rule 81 plainly states the Federal Rules of Civil Procedure "apply to a civil action *after* it is removed from a state court." FRCP 81(c)(1) (emphasis added); *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946–47 (5th Cir. 2014). Thus, the federal rules "do not provide for retroactive application to the procedural aspects of a case that occurred in state court prior to removal to federal court." *Taylor*, 744 F.3d at 946.

Analogously, in *Williams v. Homeland Insurance Company of New York*, 18 F.4th 806 (5th Cir. 2021), the Fifth Circuit addressed whether fraudulent/procedural misjoinder in state court was an appropriate consideration in the context of removal and remand. The *Williams* court made clear that issues of pre-removal joinder are matters of state procedural law best left to be resolved in state courts. *Williams*, 18 F.4th at 817. In reaching this conclusion, the *Williams* court acknowledged "all federal rules . . . appl[y] *after* a federal court has jurisdiction." *Id.* (emphasis in original).

Plaintiffs' construction of § 1367(b) would recast pre-removal state-law joinder efforts as federal procedural actions merely by virtue of the filing of a notice of removal and then make those

pre-removal efforts part of the jurisdictional analysis. This approach is inconsistent with the statutes and jurisprudence that preserve pre-removal state court procedural actions. It also is inconsistent with well-settled rules on removal procedure.

When determining whether jurisdiction is present for removal, the court must consider the claims in the state court petition as they existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)). Further, "[t]he jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia*, 233 F.3d at 883; *see also Williams*, 18 F.4th at 816. The defendants in this case were added prior to removal under applicable state law, and thus, existed as defendants at the time of removal. Any determination by this court with respect to its jurisdiction must be made against the background of that fact. Plaintiffs' position that the mere filing of the notice of removal converts the state-court joinder to a joinder pursuant to Rule 19 and/or 20 impermissibly alters the facts applicable to the court's jurisdictional analysis. All the defendants were joined in state court pursuant to state procedural law before this case was removed—and not in federal court by way of any rule of federal civil procedure—and so § 1367(b) again is not triggered.

### 3. *Precedential value of decisions from another district*

As a final matter, the court acknowledges plaintiffs' heavy reliance on a case from the court in the Eastern District of Louisiana to support their contentions in this matter. Doc. 9, att. 1 (referencing *Payton v. National Cont'l. Ins. Co.*, No. 23-961, 2023 WL 3815288 (E.D. La. June 5, 2023)). "'A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.'" *Camreta v. Greene*, 563 U.S. 692, 709 n.7, 131 S. Ct. 2020, 2033 n.7 (2011) (quoting 18 J. Moore

et al., Moore's Federal Practice § 134.02[1] [d], p. 134–26 (3d ed. 2011)). Having considered the decision in *Payton*, this court believes the analysis set forth herein to be more appropriate.

Accordingly, should the district judge disagree with the recommended finding that the claims brought on S.L.'s behalf exceed $75,000 based on the face of the petition, then the court can and should exercise supplemental jurisdiction over those claims.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [Doc. 9] be **DENIED**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 21st day of March, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE